I agree with the majority that the Ohio Supreme court held inState v. Brooks, supra, that psychogenic amnesia will not in itself render a defendant incompetent to stand trial. What Brooks
did not decide was whether a trial court abuses its discretion in not continuing a trial where reasonable efforts might be made to alleviate the defendant's amnesia so that he might counsel with his trial counsel and provide testimony in his own behalf regarding the events surrounding the crime.
None of the experts opined that the defendant was maligning or feigning his amnesia. Dr. Dyer testified that she examined the defendant's medical records and determined that the defendant suffered no direct trauma to his brain from his head wound. She opined that the defendant was possibly suffering from traumatic or dissociative amnesia and that psychotherapy would he helpful in restoring the defendant's memory. (Tr. 84).
In State v. McClendon (1968), 103 Ariz. 105, 437 P.2d 421, the Arizona Supreme Court in a case with facts quite similar to the matter herein stated that each case concerning amnesia must be considered on its own merits and that no absolutes may be justified without investigation, and agreed with the lower court that it would be a reproach to justice to try a man suffering from amnesia of an uncertain type and extent when it appeared that a reasonable continuance of the trial might provide the time needed to effect a limited or full recovery from the amnesic state, especially when the amnesia went to the facts of the crime alleged.
R.C. 2945.38 provides authority for a trial court to keep a defendant confined for a reasonable time until the defendant is restored to competency.
In light of the testimony provided the trial court, I would find the trial court abused its discretion in finding the defendant competent to stand trial without providing the defendant a meaningful opportunity to regain his memory of the events surrounding the crime. I would reverse and remand this matter for a new trial.
Copies mailed to: Andrew T. French, Matthew Ryan Arntz, Randall Stump Hon. John W. Kessler